v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0101–JV–35.

Court of Appeals of Indiana.

Aug. 23, 2001.

Elizabeth Gamboa, Franklin, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

K.D. was adjudicated a delinquent child after the trial court made a true finding that he committed the offense of battery, a Class A misdemeanor if committed by an adult.[1] On appeal he raises the following two issues concerning the sufficiency of the State's evidence at the denial hearing:

I. Whether the evidence was sufficient to support the adjudication that he was a delinquent child where the State did not prove that he was under eighteen years old at the time the crime was committed.

II. Whether the evidence was sufficient to support the true finding that he committed battery where the State failed to prove the elements of the offense.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the adjudication reveal that on October 23, 2000 at Warren Central High School, K.D., a student at the school, walked up behind school police officer Norman McDuffie. Although Officer McDuffie did not immediately recognize the voice, he heard K.D. say that he was going to take the officer's gun. Officer McDuffie then felt someone touch and pull his gun belt. As K.D. yanked on the gun belt, Officer McDuffie turned around, grabbed K.D.'s arm, and restrained him on a table.

The State filed a petition charging K.D. with battery. At the initial hearing, K.D. told the court that his date of birth was June 16, 1985. K.D.'s mother confirmed his birth date, and the trial court found that it had jurisdiction over the matter. K.D. denied the battery allegation. Immediately prior to the denial hearing, K.D. again told the court that he was fifteen and that his birth date was June 16, 1985. However, counsel for K.D. refused to stipulate as to K.D.'s age, stating that the only reason the case was being pursued was because of a vindictive probation officer. At the State's request, the court took judicial notice of K.D.'s age based upon previously entered orders in this case and another pending case and determined that it had continuing jurisdiction over both matters. Following the hearing, the court entered a true finding as to the battery, adjudicated K.D. a delinquent, and ordered him committed to the Department of Corrections for six months. K.D. now appeals

## DISCUSSION AND DECISION

K.D. challenges the sufficiency of the evidence presented at the denial hearing by the State, claiming both that the evidence was insufficient to establish his age and to sustain the true finding that he committed battery.

■ In reviewing the sufficiency of the evidence with respect to juvenile adjudications, our standard of review is well settled. We neither reweigh the evidence nor judge the credibility of witnesses. *C.S. v. State*, 735 N.E.2d 273, 276 (Ind.Ct.App. 2000), *trans. denied* (citing *Fields v. State*, 679 N.E.2d 898, 900 (Ind.1997); *Moran v. State*, 622 N.E.2d 157, 158 (Ind.1993)). The State must prove beyond a reasonable doubt that the juvenile committed the charged offense. *Id.* We examine only

1. *See* 35–42–2–1(a)(1).

the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. *Id.* We will affirm if there exists substantive evidence of probative value to establish every material element of the offense. *Id.* Further, it is the function of the trier of fact to resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses. *Jones v. State,* 701 N.E.2d 863, 867 (Ind.Ct.App.1998).

K.D. first alleges that the State presented no evidence to establish that he was under the age of eighteen years old at the time he committed the delinquent act.[2] K.D. maintains that when he refused to stipulate to his age at the denial hearing, the court erred by taking judicial notice of his date of birth. We do not reach the merits of this issue because the error, if any, was waived.

In reaching this conclusion, we are guided by *In re Burton,* 136 Ohio App.3d 386, 736 N.E.2d 928, 932 (1999), in which the Ohio Court of Appeals determined that once a trial court has properly established subject matter and personal jurisdiction over a child accused of being a juvenile offender, age is not an essential element that the State is required to prove unless one of the elements of the charged adult crime requires specific proof of age. In *Burton,* the respondent moved for dismissal at the close of the State's case, contending that the court lacked jurisdiction because the State failed to present evidence of the respondent's age. The trial court determined that age was not an essential element of the crime charged and denied the motion. *Id.* at 930.

On appeal, the appellate court reasoned that a trial court has jurisdiction over a matter if it has both personal jurisdiction over the parties and subject matter jurisdiction over the claims of the parties. *Id.* at 931. The court further noted that unlike subject matter jurisdiction, which cannot be waived, personal jurisdiction may be waived if the defendant fails to raise the defense in a responsive pleading or a motion filed prior to the answer. *Id.* Turning to the question of juvenile court jurisdiction, the court stated that under Ohio statute, "[a] juvenile court has exclusive original subject matter jurisdiction ... concerning children who are alleged to be delinquent or who have been placed under arrest." *Id.* at 931–32. Because the complaint alleged respondent to be a delinquent child and because respondent was not arguing that he was older than eighteen, the court determined that subject matter jurisdiction was not properly in issue. *Id.* at 932.

Instead, the court determined that respondent was either: 1) challenging personal jurisdiction because the State failed to present evidence at trial of his age or; 2) raising a sufficiency argument based upon the State's alleged failure to prove an essential element of a delinquency charge. In reaching the question of personal jurisdiction, the court held that appellant failed to challenge personal jurisdiction in a pretrial motion. *Id.* Further, even if such motion had been made, it would have been denied because respondent was actually under the age of eighteen at the time of the offense. *Id.* As to the sufficiency claim, the court held that "once a trial court has properly established subject matter and personal jurisdiction over an alleged juvenile offender, additional evidence of the juvenile's age is not essential to a finding of delinquency, unless one of the elements of the adult crime alleged requires specific proof of age." *Id.*

---

**2.** IC 31–37–1–2 provides that in order to commit a delinquent act, a child must commit the act "before becoming eighteen (18) years of age."

■ We find the reasoning and holding of *Burton* fully applicable in the present case. Similar to Ohio law, under IC 31–30–1–1(1) a juvenile court obtains "exclusive original jurisdiction ... in ... proceedings in which a child, including a child of divorced parents, is alleged to be a delinquent child under IC 31–37." IC 31–37–1–1 defines a delinquent child as a child who "before becoming eighteen (18) years of age commits a delinquent act." Further, "[a] child commits a delinquent act if, before becoming eighteen (18) years of age, the child commits an act that would be an offense if committed by an adult, except an act committed by a person over which the juvenile court lacks jurisdiction under IC 31–30–1." 31–37–1–2. Here, the delinquency petition filed by the State alleged that K.D. was a delinquent child, that the court had jurisdiction pursuant to IC 31–30–1–1 and 31–37–1–2, and that K.D. committed battery upon a police officer. The petition further provided his date of birth as June 16, 1985. K.D. does not challenge these facts and does not allege that he was in fact over eighteen years old. Therefore, he cannot maintain that the court lacked subject matter jurisdiction over the case.

■ K.D. also cannot successfully challenge the court's personal jurisdiction over him because he submitted himself to the authority of the juvenile court and did not challenge personal jurisdiction by filing a motion to dismiss. In any event, K.D. does not allege that he was over the age of eighteen at the time of the commission of the battery. Indeed, he and his mother informed the trial court on several occasions that K.D. was under the age of eighteen. Therefore, we conclude that any threshold question concerning jurisdiction is waived in this case. Furthermore, because the court properly acquired subject matter and personal jurisdiction and be-cause the elements of the crime for which K.D. was charged do not require specific proof of age, the State was not required to prove K.D.'s age.

K.D. next claims that the State failed to prove the elements of the battery offense. A person may be convicted of battery as a Class A misdemeanor if the State proves beyond a reasonable doubt that: (1) the defendant; (2) knowingly or intentionally; (3) touched a law enforcement officer while engaged in official duty; (4) in a rude, insolent, or angry manner. IC 35–42–2–1(a)(1).

■ K.D. first claims that the State did not present any evidence that he touched Officer McDuffie in a rude, insolent, or angry manner. We disagree. Initially, we note that any touching, however slight, may constitute battery. *Impson v. State*, 721 N.E.2d 1275, 1285 (Ind.Ct.App. 2000) (citing *Scruggs v. State*, 161 Ind.App. 666, 669, 317 N.E.2d 807, 809 (1974)); *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct.App.1996). Indeed, a defendant may commit the requisite "touching" by touching another person's apparel because a person's apparel is so intimately connected with the person that it is regarded as part of the person for purposes of the battery statute. *Impson*, 721 N.E.2d at 1285 (citing *Stokes v. State*, 233 Ind. 10, 13, 115 N.E.2d 442, 443 (1953)). The *Impson* court held that even though defendant did not directly touch the victim's face, his act of knocking the glasses from his victim's face supported defendant's battery conviction because the glasses were so intimately connected with the victim as part of his apparel. *Id.* Similarly, here Officer McDuffie's gunbelt was so intimately connected with his person as to be considered part of his person for purposes of the battery statute. By presenting evidence that K.D. pulled on Officer McDuffie's gunbelt, the State therefore sufficiently

proved that K.D. touched Officer McDuffie.

■ K.D. further alleges that the trial court could not infer that K.D. acted in a rude, insolent, or angry manner. However, our review of the Record reveals that the evidence was sufficient for the court to reasonably conclude that, at the very least, K.D. touched Officer McDuffie in an "insolent manner." The term insolent is defined by WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE 729 (2nd ed.1970) as "boldly disrespectful in speech or behavior; impertinent; impudent." The term is further defined by WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 1170 (1967) as "lacking usual or proper respect for rank or position."

In the present case, a student who witnessed the incident testified that she saw K.D. walking behind the officer and then reach out in an effort to grab something from the officer. Officer McDuffie further testified that he was on duty in the lunchroom when he heard someone say that he was going to take the officer's gun. Within seconds the officer felt a "pull" and a "yankin" on his gun belt and realized that the individual was attempting to remove his gun. *Record* at 38. To defend himself, Officer McDuffie immediately turned around and restrained K.D. Certainly K.D.'s action in touching the gunbelt worn by Officer McDuffie in an effort to remove the weapon shows that K.D. lacked the respect due to the school police officer. K.D. claims however that he was just "joking" around with Officer McDuffie and that he should not be punished for his "[p]oor judgment." *Appellant's Brief* at 15. Rather than bolstering his claim that he did not touch Officer McDuffie in an insolent manner, this contention further supports the trial court's conclusion that K.D. did act in an insolent manner by boldly disregarding the authority of the school police officer.

■ Finally, the evidence was sufficient for the court to reasonably conclude that K.D. acted with the requisite intent in committing battery upon the officer. Despite his claim that he was just joking, K.D. admitted touching the officer's gunbelt. Based upon this evidence and the evidence elicited from Officer McDuffie and the student who witnessed the incident, the court could have reasonably inferred that K.D. knowingly or intentionally committed battery upon Officer McDuffie. *See Mishler*, 660 N.E.2d at 348 ("While the offense of battery requires knowing or intentional conduct in accordance with IC 35–42–2–1, the requisite intent may be presumed from the voluntary commission of the act").

Affirmed.

BAILEY, J., and BROOK, J., concur.