**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 12 2013, 10:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**YVETTE M. LAPLANTE**
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY ALLEN THOMAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1304-CR-175 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE VANDERBURGH CIRCUIT COURT**
The Honorable David D. Kiely, Judge
Cause No. 82C01-1211-FD-1394

**December 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jeffrey Thomas appeals his conviction for Class D felony battery upon a law enforcement officer. We affirm.

**Issue**

The sole issue before us is whether there is sufficient evidence to support Thomas's conviction.

**Facts**

The evidence most favorable to the conviction reveals that, on November 2, 2011, Thomas was arrested for an alleged domestic violence incident and transported to the Vanderburgh County Jail. At the jail's holding area, Officer Andy Carlile of the Evansville Police Department began processing Thomas for confinement. As part of the booking process, Thomas's handcuffs were removed, and he was instructed to take off his belt and place it in a bin. Thomas initially refused to do so, but he eventually removed his belt and threw it on the floor instead of placing it in the bin. Officer Carlile instructed Thomas to pick up the belt and place it in the bin. Thomas, who was being belligerent at this point, picked up the belt but, instead of immediately placing it in the bin, he turned toward Officer Carlile and raised it towards Officer Carlile's face.

Given Thomas's increasing uncooperativeness and belligerence, Officer Carlile decided that Thomas needed to be placed back in handcuffs. Officer Carlile took hold of Thomas's shoulder and arm and pushed him up against a wall, face first, in order to handcuff him. Thomas began shouting, "you're not strong enough." Tr. p. 86. Officer Carlile described what happened next as follows:

> I pushed him into the wall and immediately upon coming in contact with the [wall], the defendant pushed off the wall and started to turn into me, just through training and experience, typically we'll like take subjects to the ground so that we can gain control over them, as he pushed off the wall and started to spin towards me, I was going to use his momentum to take him to the ground, as he did and I stepped my knee just buckled below me and we fell to the ground and he fell on top of me.

Id. Several officers then assisted Officer Carlile in restraining Thomas. As a result of this incident, Officer Carlile tore a ligament in his right knee.

The State charged Thomas with Class D felony strangulation, Class D felony criminal confinement, two counts of Class D felony battery upon a law enforcement officer, and one count of Class B misdemeanor battery. The strangulation, confinement, and misdemeanor battery counts were related to the alleged domestic violence incident for which Thomas originally was arrested. The felony battery counts were related to alleged batteries upon Officer Carlile and another officer who helped subdue Thomas. The State later dismissed the strangulation, confinement, and misdemeanor battery counts. A jury found Thomas guilty of Class D felony battery with respect to Officer Carlile and not guilty with respect to the other remaining battery charge. Thomas now appeals.

**Analysis**

Thomas asserts that there is insufficient evidence to support his conviction for Class D felony battery.[1] When reviewing the sufficiency of the evidence, we examine only the

---

[1] Thomas conceded at trial and on appeal that there would have been sufficient evidence to convict him of resisting law enforcement, but the State chose not to charge him with that offense. Even if a charge of resisting law enforcement might have been appropriate here, it does not negate the possibility that another crime, such as battery, may also have been committed.

probative evidence and reasonable inferences therefrom supporting a guilty verdict or finding. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012). We will not assess witness credibility, nor reweigh the evidence to determine if it was sufficient to support a conviction. Id. Those roles are reserved exclusively for the finder of fact, not appellate courts. Id. We must consider only the evidence most favorable to the conviction and will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt. Id.

A person who knowingly or intentionally touches a law enforcement officer engaged in the officer's official duty in a rude, insolent, or angry manner, resulting in bodily injury to the officer, commits Class D felony battery. Ind. Code § 35-42-2-1(2)(A). Thomas specifically claims there is insufficient evidence that he initiated any "touching" that resulted in Officer Carlile's knee injury. He contends that the injury occurred when Officer Carlile attempted to wrestle him to the ground to place him in handcuffs.[2]

Any touching, no matter how slight, may constitute battery. K.D. v. State, 754 N.E.2d 36, 40 (Ind. Ct. App. 2001). A defendant need not directly touch a victim, so long as he or she touches something, such as apparel, that is intimately connected with the victim. Id. Also, the touching may be accomplished directly by the defendant or by any other substance put in motion by the defendant. Matthews v. State, 476 N.E.2d 847, 850 (Ind. 1985).

---

[2] Thomas has urged that we view a video recording of the incident made by the jail's security system. We have done so but found the video to be of limited benefit, given the very low frame rate of the recording, causing the video to be very "jumpy" and omitting much of what happened. Judging by the time stamp on the video, it has a frame rate of only about one frame per second.

It is true that here, Officer Carlile initiated physical contact with Thomas by pushing him against the wall in order to try to handcuff him. There is no dispute, however, that Officer Carlile was entitled to initiate that touching as part of the performance of his duties. Instead of submitting to Officer Carlile, Thomas "pushed off the wall and started to turn into" him. Tr. p. 86. Officer Carlile also described Thomas as "push[ing] off on me . . . ." Id. at 95. This push led to both Officer Carlile and Thomas falling backwards onto the floor, and Officer Carlile injuring his knee as a result. In other words, Thomas responded to Officer Carlile's legitimate touching with an illegitimate touching of his own, by pushing himself back into Officer Carlile. There also is no question that Thomas's touching was done in a rude, insolent, or angry manner, given the circumstances and his belligerent manner and words immediately beforehand. The State sufficiently proved the elements of the charged offense.

## Conclusion

There is sufficient evidence to support Thomas's conviction for Class D felony battery upon a law enforcement officer. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.