Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 24 2014, 9:27 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK OLIVERO**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA


| | | |
|---|---|---|
| REGINALD GREENWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1403-CR-100 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |


APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy Davis, Judge
Cause No. 02D05-1310-FD-1116


**December 24, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**


**MATHIAS, Judge**

Following a bench trial, Reginald Greenwell ("Greenwell") was convicted in Allen Superior Court of Class D felony battery and of being a habitual offender. Greenwell was sentenced to an aggregate term of seven and one-half years in the Department of Correction. Greenwell appeals and presents three issues for our review, which we renumber and restate as:

I. Whether the trial court erred in denying Greenwell's motion to dismiss under Criminal Rule 4(B);

II. Whether the State presented evidence sufficient to support Greenwell's conviction;

III. Whether the trial court abused its discretion in sentencing Greenwell; and

IV. Whether Greenwell's aggregate seven and one-half year is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On August 15, 2013, Greenwell, who was being held for a parole violation in a block of the Allen County Jail used for disciplinary segregation, requested that Officer Timothy Stotlar ("Officer Stotlar") of the Allen County Sherriff's Department allow Greenwell his allotted time of one hour outside of his cell.[1] Officer Stotlar told Greenwell that he had been informed that Greenwell had already received his hour out but that he would confirm that information. Greenwell became angry and called Officer Stotlar a "p*ssy, b*tch, mother f*cker." Ex. Vol., Ex. 8, p. 9. Greenwell then began

---

[1] Inmates housed in the jail's disciplinary segregation blocks are allowed one hour per day outside of their cells.

kicking his cell door and threatened to "beat [Officer Stotlar's] ass." Ex. Vol., Ex. 8, p. 10.

Officer Stotlar contacted Corporal Clinton Hake ("Corporal Hake"), who, along with Officer Kayle Schlemmer ("Officer Schlemmer"), entered Greenwell's cell to speak with him. Corporal Hake told Greenwell that he would investigate the matter of Greenwell's hour outside of his cell and reprimanded him for kicking the cell's door. Greenwell became agitated again, and when he raised his fists threateningly, Corporal Hake began to walk backwards out of the cell and told Greenwall to move to the back of the cell. When the officers attempted to close the door of Greenwell's cell, Greenwell pushed against the door. The officers were able to shut the door, but Greenwell continued to behave aggressively, cursing and threatening to "kick [the officers'] asses." Trial Tr. pp. 44.

Corporal Hake ordered that Greenwell be moved to a different unit and that two officers be present any time Greenwell's cell door was opened. About an hour later, Corporal Hake, Officer Schlemmer, Sergeant Craig Knox ("Sergeant Knox"), and Lieutenant Vance Pruden ("Lieutenant Pruden") returned to Greenwell's cell to transfer him. Corporal Hake ordered Greenwell to move to the back of the cell, which Greenwell did. However, when the cell door opened, Greenwell stepped forward and raised his hands. Corporal Hake attempted to push Greenwell away from the door, but Greenwell dodged Corporal Hake and began to throw close-fisted punches at the officers, striking Sergeant Knox above the left eyebrow. Lieutenant Prudent sprayed Greenwell with pepper spray, and Greenwell fell to the ground but continued to punch and kick, kicking

3

Sergeant Knox in the stomach. Even after Greenwell crawled under a bunk in the cell, he continued to throw punches and struck Sergeant Knox in the nose. Eventually, Greenwell declared, "I give up," and the officers were able to pull Greenwell from underneath the bunk. Trial Tr. p. 34.

On October 9, 2013, the State charged Greenwell with Class D felony battery of a law enforcement officer. Greenwell was later charged with being a habitual offender. Two days after he was charged, on October 11, 2013, Greenwell requested a speedy trial. Six days later, on October 17, 2013, Greenwell requested a jury trial, and the trial court scheduled Greenwell's trial for December 17, 2013.

On December 6, 2013, Greenwell withdrew his demand for a jury trial. On December 17, 2013, the trial court continued Greenwell's trial to February 10, 2014, citing court congestion as the reason for the delay. Greenwell filed a motion to dismiss the case on January 9, 2014, arguing that he was entitled to be discharged pursuant to Criminal Rule 4(B) since more than seventy days had passed without a trial. The court held a hearing on Greenwell's motion, after which it denied the motion, finding that the fifty-five day lapse from the date of the continued jury trial to the date of the bench trial was reasonable since it was the first available date on the trial court's calendar due to a prior speedy trial request from another defendant.

Following the bench trial on February 10, 2014, the trial court found Greenwell guilty as charged. The trial court also found Greenwell to be a habitual offender. At Greenwell's March 10, 2014 sentencing hearing, Greenwell expressed regret over Sergeant Knox's injury and stated that he "would first like to take full responsibility for

4

me being the aggressor[.]" Tr. p. 7. He denied, however, striking any of the officers and insisted, "I feel as though I was the true victim in this case[.]" Tr. pp. 7-8. He also argued that the trial court should consider as mitigating factors his goal of obtaining a GED and that he has a minor child.

The trial court found Greenwell's criminal history, which included five prior felony convictions and sixteen prior misdemeanor convictions; his prior failed rehabilitation attempts; his pattern of similar offenses; his high risk for reoffending; and the fact that he was in jail for a parole violation at the time of the present offense to be aggravating factors. The trial court found no mitigating factors, noting that it did not consider Greenwell's goal of obtaining a GED to be a mitigator and that the fact that Greenwell has a minor child "hasn't seemed to stop [him] from committing the offenses in [his] past." Sentencing Tr. pp. 9-10. The trial court sentenced Greenwell to three years in the Department of Correction for Class D felony battery and four and one-half years for the habitual offender enhancement, for an aggregate term of seven and one-half years. Greenwell now appeals.

## I. Criminal Rule 4(B)

Greenwell argues that the trial court erred by failing, after a continuance due to court congestion, to reschedule his trial within a reasonable time and by "not reducing the continuance and resetting to an Order." Appellant's Br. at 21.

Indiana Criminal Rule 4(B) provides that "[i]f any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion." Ind.

Crim. Rule 4(B)(1). An exception to this rule occurs where congestion of the court calendar prevents the trial from occurring within the seventy-day period. Id.

Here, the trial court made a finding of congestion based on undisputed facts. As such, "the standard of review—like for all questions of law—is de novo." Austin v. State, 997 N.E.2d 1027, 1039 (Ind. 2013). Furthermore, "the ultimate reasonableness of the trial court's findings [regarding court congestion] depends very much upon the facts and circumstances of the particular case." Id.

While Criminal Rule 4(B) requires "a prioritized treatment," it "does not necessarily present a bright-line approach whereby all other cases must yield to the defendant who files a speedy trial motion." Id. at 1040. As articulated by our supreme court:

> we do not intend to suggest that a trial judge must necessarily wipe his or her calendar clean, or jam a trial into an opening in a schedule or courtroom that lacks the space, time, and resources to accommodate it. They must, however, be mindful of their calendar and the seventy-day window and exercise all reasonable diligence to preserve the defendant's right to a speedy trial.

Id.

Greenwell "acknowledges that there was court congestion sufficient to justify a continuance of his speedy trial." Appellant's Br. at 21. He contends, however, that the trial court erred in not "reducing the continuance and resetting to an Order," Appellant's Br. at 21, and instead noting in its CCS, "Bench trial reset. Case continued per court congestion. Def speedy trial request stands" and "Bench Trial scheduled for 02/10/2014 at 1:00 PM." Appellant's App. p. 4. He also argues that the fifty-five day delay between

6

the original trial date and the continued trial date was unreasonable and that "[i]nquiry should and could have been made to see if another Judge or Magistrate would have been available to hear the case." Appellant's Br. at 22.

We reject Greenwell's first argument as one of form over substance. Greenwell cites no case, and we are not aware of any case, that compels the trial court to reduce its continuance and finding of congestion to a written order, rather than a CCS entry, to satisfy the requirements of Criminal Rule 4. See City of Indianapolis v. Hicks, 932 N.E.2d 227, 232 (Ind. Ct. App. 2010) ("The CCS meets the general requirements for a valid memorial, in that it is found in the records of the case, is required by the trial rules to be kept, shows actions taken by the trial court, and its entries presumably exist contemporaneously with the actions they describe"); see also Ind. Trial Rule 77(B) (CCS is "an official record of the trial court").

Greenwell also argues that the fifty-five day delay caused by the continuance was unreasonable. We review the trial court's determination of a reasonable delay under an abuse of discretion standard. Alter v. State, 860 N.E.2d 874, 877 (Ind. Ct. App. 2007). The reasonableness of any delay must be judged in the context of the particular circumstances of the case, and absent an abuse of discretion, the trial court's decision will not be disturbed. Sholar v. State, 626 N.E.2d 547, 549 (Ind. Ct. App. 1993).

Greenwell filed his request for a speedy trial on October 11, 2013, and then added his request for a jury trial six days later, on October 17. The original trial date was December 17, 2013, three days before the seventy-day deadline imposed by Criminal Rule 4(B). On December 17, the court made a finding of congestion due to a speedy trial

7

request made by another defendant prior to Greenwell's request and rescheduled the trial for February 10, 2014, fifty-five days after the original trial date and fifty-two days after the close of Criminal Rule 4(B)'s seventy-day window. Greenwell does not dispute the trial court's finding of congestion. Evidence presented at the hearing on Greenwell's motion to dismiss indicates that, after the continuance, the trial court scheduled Greenwell's trial for the first available date on the trial court's calendar. Greenwell's speculation that the trial court failed to inquire as to whether another judge or magistrate could hear the case does not amount to a showing that the delay was unreasonable. See Foster v. State, 795 N.E.2d 1078 (Ind. Ct. App. 2003) ("Trial court's rescheduling of trial date to seventy days outside statutory speedy trial period due to court congestion was reasonable and did not entitle defendant to bond reduction, release, or discharge, where court was presiding over other trials on both originally scheduled and rescheduled trial dates). We therefore conclude that the trial court did not abuse its discretion in denying Greenwell's motion to dismiss under Indiana Criminal Rule 4(B).

## II. Sufficiency of the Evidence

Greenwell asserts that there is insufficient evidence to support his conviction for Class D felony battery. Specifically, he argues that the State failed to provide evidence sufficient to prove that he struck Sergeant Knox or caused Sergeant Knox's injury. When reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences therefrom supporting a guilty judgment. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012). We will not assess witness credibility, nor reweigh the evidence to determine if it was sufficient to support a conviction. Id. Those roles are reserved

8

exclusively for the finder of fact, not appellate courts. Id. We must consider only the evidence most favorable to the conviction and will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt. Id.

A person who knowingly or intentionally touches a law enforcement officer engaged in the officer's official duty in a rude, insolent, or angry manner, resulting in bodily injury to the officer, commits Class D felony battery. Ind. Code § 35-42-2-1(2)(A). Any touching, no matter how slight, may constitute battery. K.D. v. State, 754 N.E.2d 36, 40 (Ind. Ct. App. 2001). A defendant need not directly touch a victim, so long as he or she touches something, such as apparel, that is intimately connected with the victim. Id. Also, the touching may be accomplished directly by the defendant or by any other substance put in motion by the defendant. Matthews v. State, 476 N.E.2d 847, 850 (Ind. 1985).

Greenwell argues that the evidence is insufficient to show that he was the person who struck Sergeant Knox because Sergeant Knox's injury could have been caused when he accidentally came into contact with the other officers' equipment during the scuffle in Greenwell's cell. Greenwell further argues that, even if he was the person who struck Sergeant Knox and caused his injury, the contact did not occur until after Greenwell had been sprayed with pepper spray, rendering his actions neither knowing nor intentional since "[n]o person in that condition could be said to knowingly or intentionally strike someone if they can not see what they are doing." Appellant's Br. at 14.

Sergeant Knox testified that Greenwell punched him in the face, causing him pain and that, after being sprayed with pepper spray, Greenwell struck Sergeant Knox again

9

and kicked Sergeant Knox in the stomach. Corporal Hake, Officer Schlemmer, and Lieutenant Pruden also testified that Greenwell punched Sergeant Knox in the face. Officer Stotlar testified that, prior to the incident, Greenwell kicked his cell door, cursed, called him names, and threatened to "beat [Officer Stotlar's] ass." Ex. Vol., Ex. 8, p. 10. When Corporal Hake and Officer Schlemmer arrived at Greenwell's cell, he also threatened to "beat [their] asses." Trial Tr. p. 44. After Greenwell was sprayed with pepper spray, he continued to kick and punch from underneath his bunk. This evidence supports the trial court's judgment that Greenwell touched Sergeant Knox in a rude, insolent, or angry matter. Greenwell's argument to the contrary amounts to a request that we reweigh the evidence, which we will not do. See McHenry v. State, 820 N.E.2d 124 (Ind. 2005). We therefore conclude that the State provided sufficient evidence to support Greenwell's conviction for Class D felony battery.

### III. Sentencing

*A. Abuse of Discretion*

Greenwell argues that the trial court abused its discretion by failing to "properly consider certain mitigating circumstances argued by the defense at Mr. Greenwell's sentencing hearing that were supported by the record." Appellant's Br. at 16.

"[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances. Id. The trial court may abuse its discretion in sentencing by:

10

(1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

Kimbrough v. State, 979 N.E.2d 625, 628 (Ind. 2012) (citing Anglemyer, 868 N.E.2d at 490-91).

Greenwell argues that the trial court should have recognized as mitigating the fact that Greenwell has one dependent child and the fact that he "plans to abstain from further criminal activity by obtaining a GED." Appellant's Br. at 17. He further argues that Sergeant Knox's injury was minor and that Sergeant Knox did not request restitution or submit a victim's statement to the court.

The failure to find a mitigating circumstance clearly supported by the record may imply that the trial court overlooked the circumstance. The trial court, however, is not obligated to consider "alleged mitigating factors that are highly disputable in nature, weight, or significance." The trial court need enumerate only those mitigating circumstances it finds to be significant. On appeal, a defendant must show that the proffered mitigating circumstance is both significant and clearly supported by the record.

Rawson v. State, 865 N.E.2d 1049, 1056 (Ind. Ct. App. 2007) (internal citations omitted), trans. denied.

Here, Greenwell has failed to show how the proffered mitigating circumstances are either significant or clearly supported by the record. As the trial court noted, the fact that Greenwell has a minor child has failed to deter him from committing crimes in the past. Furthermore, the record indicates that the child lives in Georgia with its mother and that Greenwell, who has been unemployed for the past five years, has not been ordered to

11

pay child support. Greenwell makes no showing that his incarceration will impose an undue hardship on his child and, indeed, stated that he has "been locked up the majority of [the child's] life." Sent. Tr. p. 8. Furthermore, the trial court was not required to assign mitigating weight to Greenwell's statement that he planned to obtain a GED. See Davis v. State, 835 N.E.2d 1102, 1116 (Ind. Ct. App. 2005). Regarding Greenwell's argument that the injury to Sergeant Knox was minor, he failed to offer this argument at his sentencing hearing, and it is therefore waived. See Hollin v. State, 877 N.E.2d 462 (Ind. 2007) (if the defendant does not advance a factor to be mitigating at sentencing, the reviewing court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal). Waiver notwithstanding, the trial court was within its discretion to assign no mitigating weight to the fact that Sergeant Knox's injuries were not serious. See Stark v. State, 489 N.E.2d 43, 48 (Ind. 1986).

*B. Inappropriate Sentence*

Greenwell next argues that the sentence imposed by the trial court is inappropriate. Even if a trial court acted within its statutory discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007)). This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due

12

consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Id.

Still, we must and should exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Although we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans. denied (citing Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate; instead, the question is whether the sentence imposed is inappropriate. Former v. State, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

We initially note that Greenwell fails to make any independent argument under Rule 7(B) that his sentence is inappropriate given the nature of his offense or his character. He has therefore waived this argument for review. Patterson v. State, 846 N.E.2d 723, 727 (Ind. Ct. App. 2006). Waiver notwithstanding, Greenwell's sixteen prior misdemeanor convictions and five prior felony convictions do not speak well for his character, nor does his statement that he was the "true victim" in this case. Sentencing Tr. pp. 7-8. With regard to the nature of the offense, we note that Greenwell screamed

13

profanities, punched, kicked, and threatened officers. He struck Sergeant Knox above the eye, in the nose, and in the stomach. Under these facts and circumstances, the sentence imposed was not inappropriate given the nature of the offense and the character of the offender.

## Conclusion

For all of these reasons, we conclude that the trial court did not err in denying Greenwell's motion to dismiss. The State presented evidence sufficient to support Greenwell's conviction for Class D felony battery. The trial court did not abuse its discretion in failing to assign any mitigating weight to Greenwell's proffered mitigating factors. Lastly, waiver notwithstanding, the sentenced imposed on Greenwell was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

RILEY, J., and CRONE, J., concur.