# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 17 2015, 9:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Danielle L. Gregory
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.B.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

June 17, 2015

Court of Appeals Cause No.
49A04-1410-JV-485

Appeal from the Marion Superior Court
Cause No. 49D09-1404-JD-982

The Honorable Marilyn Moores, Judge; The Honorable Geoffrey Gaither, Magistrate

**Barnes, Judge.**

## Case Summary

[1] M.B. appeals the trial court's true finding of robbery and its adjudication of him as delinquent. We affirm.

## Issue

[2] The issue is whether there is sufficient evidence to support the trial court's adjudication of M.B. as delinquent.

## Facts

[3] The evidence most favorable to the judgment is that, on April 23, 2014, several boys were in a restroom at Northview Middle School changing for intramural soccer when students M.B. and C.H. entered and asked if any of the boys had a cell phone they could use. The boys responded that they did not. After noticing the outline of an iPod in the pocket of one of the boys, J.C., either M.B. or C.H. threatened J.C., put a fist in his face, reached into his pocket, and took the iPod. M.B. and C.H. then left the restroom. Officer Freddie Edwards, the Northview school resource officer, reviewed camera footage of the restroom area and, "being familiar with students attending Northview," was able to identify M.B. and C.H. on the footage. App. p. 16.

[4] C.H., pursuant to an agreement with the State, testified that he told J.C. to relinquish the iPod and threatened to attack him but that M.B. was the one who took the iPod from J.C.'s pocket. J.C. testified that M.B. put a fist in his face

and demanded the passcode to his iPod. J.C. testified that it was not M.B. who took the iPod from his pocket.

[5] J.C. and four other boys who were in the restroom, E.Z., C.B., J.V., and Y.R., reviewed the video footage and identified M.B. and C.H. as those involved in the robbery. Officer Edwards explained that, in the video, M.B. is wearing "Lebron" tennis shoes and C.H.'s hair is styled in a "twisties" fashion. Tr. pp. 71-73. E.Z. testified that the boy wearing the "Lebron" tennis shoes threatened J.C., while the boy with the "twisties" hairstyle took the iPod. C.B. testified that another boy threatened J.C., and the boy with the "twisties" hairstyle took the iPod. J.V. also testified that the boy wearing "Lebron" tennis shoes threatened J.C., while the boy with the "twisties" hairstyle took the iPod. E.Z., C.B., and J.V. all testified that they did not recognize either of the boys involved in the robbery in court on the day of M.B.'s trial, where M.B. was present.

[6] At the trial, Y.R. did affirmatively identify M.B. as one of the boys involved in the robbery. Y.R. testified that M.B. threatened J.C., warning that he and C.H. would "crack him" if J.C. did not relinquish the iPod. *Id.* at 53. Y.R. testified that the boy with the "twisties" hairstyle was the one who ultimately took the iPod.

[7] M.B. was alleged to have committed one count of robbery as a Class C felony if committed by an adult and four counts of attempted robbery as a Class C felony if committed by an adult. The trial court dismissed the attempted robbery

allegations and adjudicated M.B. as delinquent as to the Class C felony robbery allegation. M.B. now appeals.

## Analysis

[8] In reviewing the sufficiency of evidence with respect to juvenile adjudications, this court neither reweighs the evidence nor assesses the credibility of the witnesses. *M.S. v. State*, 889 N.E.2d 900, 901 (Ind. Ct. App. 2008), *trans. denied*. We examine only the evidence most favorable to the judgment and all reasonable inferences drawn therefrom. *K.D. v. State*, 754 N.E.2d 36, 38-39 (Ind. Ct. App. 2001). "If there is substantial evidence of probative value to support the adjudication, it will not be set aside." *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*.

[9] There is substantial evidence to support the trial court's adjudication of M.B. as delinquent. To establish a true finding of robbery as a Class C felony if committed by an adult, the State was required to show that M.B. knowingly or intentionally took property from J.C. by using or threatening the use of force. *See* Ind. Code § 35-42-5-1. This true finding could be sustained by the accomplice theory of criminal liability if M.B. knowingly or intentionally aided, induced, or caused another person to commit the robbery. *See* I.C. § 35-41-2-4.

[10] M.B. argues that the only relevant testimony is that of C.H. and that the conflicting testimony of the other witnesses should be disregarded. This argument is unavailing on appeal, as "it is the function of the trier of fact to

resolve conflicts in testimony and to determine the evidence and the credibility of the witnesses." *K.D. v. State*, 754 N.E.2d 36, 39 (Ind. Ct. App. 2001).

[11] M.B.'s claim that the conflicting witness testimony renders the adjudication unsustainable on appeal is also unpersuasive. Reevaluating witness testimony is beyond the purview of this court, as "it is precisely within the domain of the trier of fact to sift through conflicting accounts of events." *In re J.L.T.*, 712 N.E.2d 7, 11 (Ind. Ct. App. 1999), *trans. denied*. Although suspicion or possibility alone will not support an adjudication on appeal, the evidence in this case exceeds mere suspicion: Officer Edwards identified M.B. on the video footage, and the witnesses confirmed after their review of the footage that M.B. was involved in the robbery. *See R.L.H. v. State*, 738 N.E.2d 312, 316-17 (Ind. Ct. App. 2000).

[12] M.B. contends that the only person who identified him by name was C.B., who testified against him as part of an agreement with the State. Although the testimony of the other eyewitnesses may have been more equivocal, C.B.'s testimony alone is significant, as "[t]he uncorroborated testimony of one witness may be sufficient by itself to sustain an adjudication of delinquency on appeal." *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009). M.B. also suggests that, because C.B. agreed to testify in exchange for a true finding to a reduced charge, his testimony was "self-serving" and therefore not credible. Appellant's Br. p. 9. This argument amounts to "nothing more than a request to reweigh the evidence and judge the credibility of the witnesses," and we are barred from engaging in such assessments on review. *J.D.P. v. State*, 857

N.E.2d 1000, 1010 (Ind. Ct. App. 2006) (rejecting appellant's claim that co-perpetrator's testimony was insufficient to affirm adjudication), *trans. denied*.

[13] M.B. also argues that, because other witness testimony indicates that C.B. was "the main perpetrator," there is insufficient evidence to sustain the trial court's adjudication. Appellant's Br. p. 11. Even assuming C.B. was the one who actually took the iPod, there is substantial evidence that M.B. was an accomplice. Under accomplice liability, factors considered by the fact-finder include the alleged perpetrator's "(1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course of conduct before, during, and after the occurrence of the crime." *B.K.C. v. State*, 781 N.E.2d 1157, 1164 (Ind. Ct. App. 2003). Although M.B.'s presence in the restroom alone is insufficient to establish accomplice liability, C.B.'s testimony that he and M.B. committed the offense together, the fact that Officer Edwards identified C.B. and M.B. in the video footage, and the testimony of J.C., E.Z., J.V., and Y.R. that all indicate that M.B. threatened J.C. are substantial evidence that M.B., at a minimum, aided C.B. in the robbery. *See id.* at 1165 (affirming accomplice liability where appellant "did nothing to oppose the commission of the robbery").

## Conclusion

[14] There is sufficient evidence to support the trial court's adjudication of M.B. as delinquent. We affirm.

[15] Affirmed.

Riley, J., and Bailey, J., concur.