**Sean Ryan HALUSKA, Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9502–JV–93.

Court of Appeals of Indiana.

April 17, 1996.

OPINION

PER CURIAM.

A true finding was returned against the appellant on May 25, 1994 by the Marion Superior Court, Juvenile Division for the following acts: Count I, Auto theft, a class D felony if committed by an adult; Count II Theft, a Class D felony if committed by an adult; Count III Burglary, a class B felony if committed by an adult: and Count IV Criminal Trespass, a class A misdemeanor if committed by an adult. On June 10, 1994, disposition of the appellant was as follows: Commitment to D.O.C., suspended; probation with special conditions and one hundred-fifty (150) hours of community service.

The appellant's trial counsel failed to file a timely praecipe. On October 5, 1994, the trial court, upon its own motion, determined that the appellant was indigent, appointed counsel for an appeal and ordered the preparation of the record at county expense. The appellant now seeks from this Court permis-

sion to file a belated appeal pursuant to Post–Conviction Rule 2, Section 3.

In *Jordan v. State*, 512 N.E.2d 407 (Ind. 1987) our Supreme Court reversed the Court of Appeals and affirmed the judgment of the trial court which had determined that post-conviction relief is not a procedure used in the Juvenile Court process. The Court agreed with the State that juvenile adjudications are not convictions and therefore the post-conviction remedies are not intended for their review and due process does not require the application of the post-conviction remedies to delinquency adjudications because the juvenile code affords adequate protections and remedies.

The Supreme Court thereafter denied rehearing with Chief Justice Shepard writing a concurring opinion expressing his thought that other avenues of relief such as Trial Rule 60 were still open to the appellant. *Jordan v. State*, 516 N.E.2d 1054 (Ind.1987). That opinion tempered the language of the original opinion on transfer which denied post-conviction relief in juvenile proceedings.

Following the thought of the Chief Justice on rehearing, we deem the Verified Petition for Permission to File a Belated Appeal Under Rule P.C. 2–3 to be the equivalent of a Petition for Leave to seek T.R. 60 relief in the trial court. Indeed, that concept was approved by the Supreme Court in *Davis v. State*, 368 N.E.2d 1149 (Ind.1977) wherein the Court held that a petition for post-conviction relief is the functional equivalent of the Rule 60(B) motion.

Accordingly, this Court now finds and holds that the appellant's Verified Petition for Permission to File a Belated Appeal under Post–Conviction Remedy Rule 2–3 should be treated as a petition for relief under T.R. 60 in the trial court. Pursuant to *Davis, supra,* and *Logal v. Cruse,* 267 Ind. 83, 368 N.E.2d 235 (1977) this case is remanded to the Marion Superior Court, Juvenile Division, for the purpose of the appellant filing therein a Trial Rule 60 motion for relief from judgment for the Court's plenary consideration thereof.