903 N.E.2d 966 (2009)
D.W. Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A02-0807-JV-624.
Court of Appeals of Indiana.
February 17, 2009.
Publication Ordered March 25, 2009.
*967 Jill M. Acklin, Westfield, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
KIRSCH, Judge.
D.W. appeals from an adjudication of delinquency based upon a true finding of resisting law enforcement,[1] a delinquent act that would be a Class A misdemeanor if committed by an adult. D.W. presents the following issue for our review: whether the "fleeing" element of resisting law enforcement is satisfied where the defendant lunges toward and runs at a police officer.
We affirm.

FACTS AND PROCEDURAL HISTORY
On March 6, 2008, Indianapolis Metropolitan Police Department Officer Brian Schemenaur was dispatched to an apartment complex on the report of a burglary in progress. Officer Schemenaur looked inside a common entry area of the apartment complex and observed that no one was there. After Officer Schemenaur exited the common entry area, he observed D.W. exit the same common area. D.W. matched the description of the burglary suspect.
Officer Schemenaur, who was in full police uniform, drew his gun and ordered D.W. to drop to the ground and show his hands. D.W. did not comply with the officer's demands. The officer holstered his gun and drew his taser while continuing to order D.W. to drop to the ground and show his hands. D.W. suddenly lunged at the officer "as if to take off in a running fashion." Tr. at 13. Officer Schemenaur feared for his life because D.W. failed to show his hands, and began to run at Officer Schemenaur in a manner which the officer thought could have been to run past *968 him or to assault him. Officer Schemenaur tased D.W. and placed him in custody.
The State charged D.W. with one count of burglary, a delinquent act that would be a Class B felony if committed by an adult, and one count of resisting law enforcement, a delinquent act that would be a Class A misdemeanor if committed by an adult. The burglary count was dismissed with prejudice at the denial hearing when the victim did not appear. The juvenile court entered a true finding on the count of resisting law enforcement, and placed D.W. on probation. D.W. appeals from his delinquency adjudication.

DISCUSSION AND DECISION
When reviewing a claim of sufficiency of the evidence with respect to juvenile adjudications, we do not reweigh the evidence or judge the credibility of witnesses. K.D. v. State, 754 N.E.2d 36, 38 (Ind.Ct.App.2001). We look only to probative evidence supporting the adjudication and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the juvenile was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the adjudication, it will not be set aside. Id. The uncorroborated testimony of one witness may be sufficient by itself to sustain an adjudication of delinquency on appeal. J.D.P. v. State, 857 N.E.2d 1000, 1010 (Ind.Ct.App.2006).
D.W. argues that he did not "flee" for purposes of the resisting law enforcement statute when he lunged at and ran toward the police officer. He contends that his actions did not amount to removing himself or attempting to escape from law enforcement and that the true finding for resisting law enforcement must be reversed.
In order to obtain an adjudication for resisting law enforcement, the State was required to prove that D.W. knowingly or intentionally fled from a law enforcement officer after the officer identified himself and ordered D.W. to stop. See Ind.Code § 35-44-3-3. D.W. claims that his choice "to lunge and run toward the officerwas, at best, foolish, but did not constitute `fleeing'" for purposes of the statute. Appellant's Br. at 7. D.W. claims that he was "neither `removing himself from law enforcement' nor `attempting to escape law enforcement,' % y(3)27 when he lunged and ran toward the police officer." Id.
In Wellman v. State, 703 N.E.2d 1061, 1063 (Ind.Ct.App.1998), we held that it was enough that the defendant disobeyed a command to remain by walking away from the officer, proceeding into his own house, and locking the door behind him. Flight was defined in that case as "a knowing attempt to escape law enforcement when the defendant is aware that a law enforcement officer has ordered him to stop or remain in place once there." Id. Here, Officer Schemenaur, who was in full police uniform, ordered D.W. to stop, and he did not. Officer Schemenaur testified that D.W. started to lunge as if he were taking off in a running fashion towards him. The evidence was sufficient to support the juvenile court's finding that D.W. was fleeing. The fact that there are other inferences that could be drawn from the evidence, does not detract from the reasonableness of the juvenile court's inference that D.W. was fleeing. Furthermore, we decline the invitation to reweigh the evidence here.
Affirmed.
BAKER, C.J., and NAJAM, J., concur.

*969 ORDER

On February 17, 2009, this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion for Publication.
Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:
1. The Appellant's Motion for Publication is GRANTED and this Court's opinion handed down in this cause on February 17, 2009, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.
BAKER, C.J., NAJAM and KIRSCH, JJ., concur.
NOTES
[1] See Ind.Code § 35-44-3-3.