**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Mar 13 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| T.W., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1108-JV-832 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary Chavers, Judge Pro Tem
Cause No. 49D09-1105-JD-1262

**March 13, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

T.W. was adjudicated a delinquent child in Marion Superior Court for committing two counts of battery, which would be Class A misdemeanors if committed by an adult. T.W. appeals the adjudication and argues that the evidence was insufficient to prove that she committed the two alleged acts of battery.

We affirm.

### Facts and Procedural History

For reasons not entirely clear from the record, on May 10, 2011, T.W. and her sister, J.W., proceeded to the home of Cheryl Allen with the intent of fighting with Allen's daughter A.R. A.R. heard that T.W. and J.W. were on their way to her house, and asked Allen to come outside. As T.W. and J.W. entered her property, Allen asked them to leave. The girls refused and remained in Allen's front yard.

J.W. then attempted to hit A.R., but missed. A.R. retaliated by hitting J.W. and continued to hit J.W. as she lay on the ground. As Allen attempted to intervene and restrain T.W. from also attacking A.R., T.W. struck Allen on the cheek with a closed fist, causing her to fall, aggravating a prior back injury. T.W. then struck A.R. in the nose causing it to bleed and swell. The girls stopped fighting after Indianapolis Metropolitan Police Department Officers arrived on the scene.

Shortly thereafter, the State alleged that T.W. was a delinquent child for committing battery on Allen and A.R., which acts would be Class A misdemeanors if committed by an adult. The State also filed a petition alleging that J.W. was a delinquent child. A denial hearing for both girls was held on July 27, 2011. T.W. admitted to striking both Allen and A.R., but argued that she simply acted in self-defense. After the

2

hearing, the juvenile court entered true findings for both delinquent acts and adjudicated T.W. a delinquent child. But the court entered a not true finding for J.W.

T.W.'s dispositional hearing was held on August 17, 2011. The juvenile court closed the case and discharged T.W. T.W. now appeals the sufficiency of the delinquency adjudication.

## Discussion and Decision

T.W. argues that the evidence is insufficient to prove that she battered both Allen and A.R. When we review the sufficiency of the evidence to support a delinquency adjudication, we consider only the probative evidence and reasonable inferences supporting the adjudication. D.W. v. State, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), trans. denied. We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence most favorably to the trial court's ruling. R.H. v. State, 916 N.E.2d 260, 267 (Ind. Ct. App. 2009) (citing Drane v. State, 867 N.E.2d 144, 146–47 (Ind. 2007)), trans. denied. We will affirm the adjudication unless no reasonable factfinder could find the elements of the offense proven beyond a reasonable doubt. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. The evidence is sufficient if an inference may reasonably be drawn from it to support the adjudication. Id.

The offense of battery is defined in Indiana Code section 35-42-2-1, which provides that "a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." But the offense is

3

elevated to a Class A misdemeanor if the battery "results in bodily injury to any other person."

First, T.W. argues that the State failed to prove that she battered Allen and A.R. because neither victim identified her by name at the hearing. Throughout the hearing, the two victims referred to T.W. and J.W. not by name, but by the color of the clothing they were wearing. The record does not specifically reflect which girl was wearing the gray shirt and which was wearing the checkered shirt, the manner in which Allen and A.R. referred to them at trial.

But the juvenile court was certainly aware of and observed which sister the victims were referring to in their testimony. And after reading the record in its entirety, we are able to discern that T.W. is the sister that struck Allen in the face and then hit A.R.'s nose causing it to swell and bleed.

A.R. identified which sister attempted to hit her first by noting the color of her shirt. The State then asked her how many times J.W. struck her. In response, A.R. asked which sister the state was referring to, and the State responded "the young lady you said swung on you[.]" Tr. p. 44. A.R.'s testimony establishes that J.W. attempted to hit A.R. before T.W. did so. We may therefore reasonably conclude that while J.W. attempted to hit A.R., Allen was trying to restrain T.W.

T.W.'s own testimony supports this conclusion. T.W. testified that Allen attempted to restrain her, and admitted hitting Allen, although she claimed she did so in self-defense. Tr. p. 51. She then admitted hitting A.R. who had been fighting with her sister, J.W. Id.

4

Next, T.W. argues that the State failed to prove that Allen suffered bodily injury after T.W. stuck her face. "Bodily injury" is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-41-1-4. Allen testified that after T.W. hit her in the face, as she was still attempting to restrain T.W., Allen fell to the ground causing skinned knees and aggravating a prior back injury causing back pain. This evidence is sufficient to establish that Allen suffered a bodily injury as a result of the battery.[1]

For all of these reasons, we conclude that the evidence was sufficient to establish that T.W. committed two delinquent acts which would be Class A misdemeanor battery if committed by an adult. Therefore, we affirm the juvenile court's delinquency adjudication.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.

---

[1] T.W. does not argue that the evidence was insufficient to prove that A.R. suffered bodily injury. And we note that a bloodied and swollen nose is more than sufficient to establish that the battery caused bodily injury.