**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**NANCY A. McCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| A.B., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1112-JV-540 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
The Honorable Deborah A. Domine, Magistrate
Cause No. 20C01-1108-JD-312

**May 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Petitioner A.B. challenges the trial court's finding him to be a delinquent child based upon the crime of Class A misdemeanor Battery if committed by an adult.[1] Upon appeal, A.B. challenges the sufficiency of the evidence to support his adjudication. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 30, 2011 Elkhart Community Schools bus driver Betty Denman was dropping children off near the area of Washington Gardens in Elkhart when she saw a group of people arguing. Apparently A.Be., who was the mother of one of Denman's students, and a certain E.B. were in an argument regarding A.Be.'s testimony against E.B. in an unrelated case. As A.Be. approached Denman's school bus, an individual described by Denman to be a young black male with braids in his hair, approached A.Be. The male punched A.Be. three times with a closed fist, including on the bridge of her nose. This knocked A.Be.'s glasses off and scraped her nose. A.Be. did not personally know her attacker but, after receiving tips from others, identified him from a photograph on her Facebook account as the person known by the community as "Pimp." A.B.'s Facebook account identifies him both as A.B. and as "Pimp." A.B.'s date of birth is November 27, 1994, and he was sixteen years old at the time of the incident.

On August 1, 2011, the State alleged A.B. to be a delinquent child based upon the offense of Class A misdemeanor battery. At the November 4, 2011, fact-finding hearing, A.Be. identified A.B. in court as her perpetrator. A.B. testified in his defense, claiming on direct examination that he did not hit A.Be., that he did not have braids, and

---

[1] Ind. Code § 35-42-2-1(a)(1)(A) (2011).

2

that he had never seen or met E.B. A.B. conceded on cross-examination, however, that his nickname was "Pimp," that he had attended at least two court hearings with E.B., and that he would be willing to fight on E.B.'s behalf.

Following the fact-finding hearing, the trial court entered a true finding against A.B. based in part on its assessment of his credibility as "zero." Tr. p. 53. The trial court subsequently entered a dispositional order adjudicating A.B. to be a delinquent child and placing him in the Elkhart County Juvenile Detention Center. This appeal follows.

## DISCUSSION AND DECISION

Upon appeal, A.B. challenges the sufficiency of the evidence identifying him to be the perpetrator. A.B. claims that he was not in the area on the day A.Be. was injured, that he did not see the fight between E.B. and A.Be., and that he did not have braids in his hair.

When evaluating the sufficiency of the evidence to support A.B.'s adjudication, we do not reweigh the evidence or judge the credibility of the witnesses. *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*. We look only to probative evidence supporting the adjudication and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the juvenile was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the adjudication, it will not be set aside. *Id.* The uncorroborated testimony of one witness may be sufficient by itself to sustain an adjudication of delinquency on appeal. *Id.*

A.B.'s argument is based upon his version of the events in question. But the trial court did not believe A.B.'s testimony. In fact, it found A.B. totally lacked credibility. We will defer to its assessment on this point. Further, the record contains ample evidence linking A.B. to A.Be.'s battery. Most significantly, A.Be. identified him to be the perpetrator, which is sufficient, by itself, to sustain A.B.'s adjudication. *See id.* In addition, A.B. admitted that he would fight on E.B.'s behalf. At the time of the battery, E.B. was fighting with A.Be., creating a situation in which A.B. was admittedly prepared to assist E.B. A.B.'s challenge is merely an invitation to reweigh the evidence, which we decline to do.

The judgment of the juvenile court is affirmed.

VAIDIK, J., and CRONE, J., concur.