Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 11 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**COREY L. SCOTT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.Z., | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | )     No. 49A02-1202-JV-132 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Scott B. Stowers, Magistrate
Cause No. 49D09-1111-JD-3108

**September 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

J.Z. appeals his adjudication as a delinquent child for having committed battery, as a Class A misdemeanor if committed by an adult. J.Z. raises a single issue for our review, namely, whether the State presented sufficient evidence to support J.Z.'s adjudication. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 9, 2011, during a school bus ride home, several students began "play fighting." Transcript at 6. One student yelled out, "jump the white kid," and several students then began hitting twelve-year-old J.N., who was not participating in the play fighting. Id. Then, "after that was done," J.Z., also twelve years old, continued to "slap[ J.N.] in the face repeatedly and telling [J.N.] to shut up." Id. J.Z.'s contact caused J.N. pain.

On November 28, 2011, the State alleged J.Z. to be a delinquent child for having committed battery, as a Class A misdemeanor if committed by an adult. At the subsequent fact-finding hearing, J.Z. acknowledged that he had slapped J.N. several times during the incident in question. Thereafter, the juvenile court adjudicated J.Z. as a delinquent child. The court then discharged J.Z. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, J.Z. asserts that the State did not support his adjudication as a delinquent child with sufficient evidence. When we review the sufficiency of the evidence to support a delinquency adjudication, we consider only the probative evidence and reasonable inferences supporting the adjudication. D.W. v. State, 903 N.E.2d 966,

2

968 (Ind. Ct. App. 2009), <u>trans. denied</u>. We do not assess witness credibility or reweigh the evidence. <u>Id.</u> We consider conflicting evidence most favorably to the juvenile court's ruling. <u>R.H. v. State</u>, 916 N.E.2d 260, 267 (Ind. Ct. App. 2009) (citing <u>Drane v. State</u>, 867 N.E.2d 144, 146-47 (Ind. 2007)), <u>trans. denied</u>. We will affirm the adjudication unless no reasonable factfinder could find the elements of the offense proven beyond a reasonable doubt. <u>Id.</u> It is not necessary that the evidence overcome every reasonable hypothesis of innocence. <u>Id.</u> The evidence is sufficient if an inference may reasonably be drawn from it to support the adjudication. <u>Id.</u>

To show that J.Z. committed battery as a Class A misdemeanor if committed by an adult, the State had to show that J.Z. knowingly or intentionally touched J.N. in a rude, insolent, or angry manner, and that that touching resulted in bodily injury to J.N. Ind. Code § 35-42-2-1(a)(1)(A). "Bodily injury" includes "physical pain." I.C. § 35-31.5-2-29.

J.Z.'s argument on appeal is that the students on the bus were engaged in horseplay and only play fighting, without actually contacting one another, and that "boys [were] being boys." Appellant's Br. at 4. But the State's evidence plainly shows that J.Z. committed battery as a Class A misdemeanor if committed by an adult. J.N. testified that J.Z. physically struck him in the face "repeatedly," and that J.Z.'s contact caused J.N. pain. Transcript at 6. J.N. further testified that he was not a participant in the play fighting, and that J.Z.'s contact occurred after several other kids had stopped "jump[ing]" J.N. <u>Id.</u> And J.Z. testified that he had slapped J.N. several times during the incident in

question. J.Z.'s arguments on appeal are merely requests for this court to reweigh the evidence, which we will not do. The juvenile court's judgment is affirmed.

Affirmed.

KIRSCH, J., and MAY, J., concur.