## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 15 2015, 9:19 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

### ATTORNEY FOR APPELLANT

Corey L. Scott
Indianapolis, Indiana

### ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.V.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 15, 2015

Court of Appeals Case No.
49A05-1409-JV-421

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Scott Stowers, Magistrate

Case No. 49D09-1310-JD-3129

**Crone, Judge.**

## Case Summary

[1]     J.V. appeals her adjudication as a juvenile delinquent for committing an act that would be a class A misdemeanor battery if committed by an adult. She asserts

that there is insufficient evidence that she participated in the battery of the victim. Finding that the evidence is sufficient, we affirm.

[2] In reviewing the sufficiency of the evidence with respect to juvenile adjudications, we consider only the evidence and reasonable inferences arising therefrom supporting the adjudication without reweighing the evidence or judging witness credibility. *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*. We will affirm the adjudication if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded that the juvenile was guilty beyond a reasonable doubt. *Id.*

[3] To sustain J.V.'s delinquency adjudication for committing class A misdemeanor battery, the State was required to prove beyond a reasonable doubt that she knowingly or intentionally touched Berta Morales in a rude, insolent, or angry manner that resulted in bodily injury. Ind. Code § 35-42-2-1; Appellant's App. at 16.

[4] At J.V.'s delinquency hearing, Morales testified that J.V.'s mother, Monica Milan, knocked on her door. Morales's daughter Cynthia informed Morales that someone was at the door. Morales went to the door, and Milan grabbed her by the hair and threw her on the ground. Milan's daughters, J.V. and Kimberly, were there, and they also attacked Morales. Morales testified that "J.V. was there with her mother hitting me too." Tr. at 17; *see also id.* at 18 ("[J.V.] also came up to hit me," and "[J.V.] was hitting me."). As a result of the battery, Morales sustained a swollen lip and forehead and experienced pain

in her head. Cynthia testified that "they were all three attacking my mom." *Id.* at 25. When asked specifically what J.V. was doing, Cynthia replied, "I believe, probably kicking her, I guess." *Id.* Cynthia also testified that she saw J.V. "[i]n the fight hitting my mother." *Id.* at 31. This is sufficient evidence to establish that J.V. knowingly or intentionally touched Morales in a rude, angry, or insolent manner that resulted in bodily injury. J.V.'s argument is merely a request to reweigh the evidence and judge witness credibility, which we must decline. Accordingly, we affirm J.V.'s juvenile delinquency adjudication.

[5] Affirmed.

Brown, J., and Pyle, J., concur.