## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 24 2017, 10:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.P., Jr.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

February 24, 2017

Court of Appeals Case No.
79A02-1607-JV-1745

Appeal from the Tippecanoe
Superior Court

The Honorable Faith A. Graham, Judge

Trial Court Cause No.
79D03-1602-JD-25

**Crone, Judge.**

# Case Summary

[1] J.P., Jr. ("J.P."), challenges the sufficiency of the evidence to support his juvenile delinquency adjudications for attempted robbery, a level 3 felony if committed by an adult; conspiracy to commit robbery, a level 3 felony if committed by an adult; and battery with bodily injury, a class A misdemeanor if committed by an adult. Finding that his arguments essentially amount to requests to reweigh evidence and reassess credibility, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the delinquency adjudications are as follows. Around 5:15 p.m. on December 3, 2015, sixteen-year-old J.P. was walking with friends B.R.T. and J.D. along the road near a Tippecanoe County high school. On the other side of the road, fifteen-year-old S.D. ("Victim") was walking home from wrestling practice, carrying his trumpet case, gym bag, and backpack. When B.R.T. saw Victim, he suggested to J.P. and J.D. that they steal Victim's cell phone. The three agreed, crossed the road, and approached Victim. B.R.T. twice asked Victim to give him his cell phone so that he could make a call. When Victim refused, J.P. and J.D. closed in behind Victim, leaving him surrounded. B.R.T. demanded the phone, and Victim again refused. B.R.T. lifted Victim by his backpack straps, attempting to jostle him, and Victim used a wrestling move to take B.R.T. to the ground. At that point, J.P. and J.D. joined the fight and struck Victim repeatedly with his own trumpet case. As B.R.T. and Victim continued to wrestle, the other assailants rifled through Victim's gym bag and trumpet case, with B.R.T. yelling, "Get his

phone, get his phone." Tr. at 58. After about a minute, the three assailants fled without having acquired Victim's phone. In addition to having a damaged trumpet, Victim suffered injuries to his lower back, which required visits to the doctor and chiropractor. His injuries caused him to miss a portion of his wrestling season.

[3] The State filed a juvenile delinquency petition, alleging that J.P. committed conduct which, if committed by an adult, amounts to level 3 felony attempted robbery with bodily injury; level 3 felony conspiracy to commit robbery; and class A misdemeanor battery with bodily injury. At the factfinding hearing, the State introduced testimony from B.R.T. and Victim as well as photographic exhibits depicting bruising to Victim's lower back. The trial court entered true findings against J.P. on each of the three allegations and sentenced him to probation, to be served at the Transitions Academy and reevaluated in ninety days.

[4] J.P. now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

[5] J.P. challenges the sufficiency of the evidence to support his true findings. When reviewing a claim of insufficient evidence to support juvenile delinquency adjudications, we neither reweigh evidence nor reassess witness credibility. *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*. Rather, we look only to the probative evidence and reasonable inferences supporting the adjudication to determine whether a reasonable trier

of fact could conclude that the juvenile was guilty beyond a reasonable doubt. *Id*. The uncorroborated testimony of one witness may be sufficient by itself to sustain an adjudication of delinquency. *Id*.

[6] The trial court entered a true finding against J.P. for conduct amounting to level 3 felony attempted robbery if committed by an adult. "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1(a). A person who knowingly or intentionally takes property from another person by using or threatening to use force or putting any person in fear commits robbery, a level 3 felony if it results in bodily injury to any person other than the defendant. Ind. Code § 35-42-5-1. Bodily injury is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29.

[7] Here, the evidence most favorable to the delinquency adjudication shows that B.R.T., J.P., and J.D. saw Victim on the other side of the street and decided to execute B.R.T.'s plan to steal Victim's cell phone. *See* Tr. at 34 (B.R.T.'s testimony that J.P. and J.D. helped him try to steal a cell phone from Victim). J.P., along with his cohorts, took substantial steps by crossing the street and approaching Victim. While B.R.T. took the lead in requesting and then demanding Victim's phone, J.P. and J.D. took another substantial step toward robbing Victim by moving in behind him and essentially boxing him in. This is probative of J.P.'s intent to convey a threat to use force. Then, when B.R.T. instigated a physical fight by picking up Victim, and the two began to wrestle,

the other assailants beat Victim with his trumpet case and rifled through Victim's belongings. The photographic exhibits depict numerous bruises on Victim's lower back, and Victim testified that he experienced pain that required doctor visits and chiropractic services and caused him to miss a portion of his wrestling season. He also specified that his bruises resulted from the assault, not from his regular wrestling team activities. The three assailants eventually fled after their attempt to secure the phone proved unsuccessful, which may be considered as circumstantial evidence of consciousness of guilt. *Clark v. State*, 6 N.E.3d 992, 999 (Ind. Ct. App. 2014). The evidence is sufficient to support J.P.'s true finding for conduct amounting to attempted robbery resulting in bodily injury.

[8] J.P. also challenges the sufficiency of the evidence to support his true finding for conduct amounting to conspiracy to commit robbery. "A person conspires to commit a felony when, with intent to commit the felony, the person agrees with another person to commit the felony." Ind. Code § 35-41-5-2(a). To prove conspiracy, the State "must allege and prove that either the person or the person with whom he or she agreed performed an overt act in furtherance of the agreement." Ind. Code § 35-41-5-2(b).

[9] At J.P.'s factfinding hearing, B.R.T. testified in pertinent part as follows:[1]

---

[1] The transcript includes actual names of those involved in the incident, which we have replaced with initials and designations consistent with the remainder of this decision.

Q: Prior to approaching Victim, did you talk to either J.P. and/or J.D. about your plans to confront Victim and demand the phone?

A: Yes.

Q: What did you say to them?

A: I told them that I saw him walking by himself and I thought that we should go and take his phone from him.

Q: Did they say anything in response?

A: They said that they would want to go do that.

….

Q: Were you on the same side of the street as Victim or the opposite side?

A: We were across the street.

Q: So you and other two individuals that you were with crossed the street to confront Victim?

A: Yes.

Tr. at 38-39.

[10] B.R.T.'s testimony supports the existence of an agreement with J.P. and J.D. to steal Victim's phone. The trio's conduct in crossing the street, surrounding Victim, and demanding his phone amounts to overt acts in furtherance of the agreement. J.P.'s assertion that he never agreed to rob Victim amounts to an

invitation to reweigh evidence and reassess credibility, which we may not and will not do. *D.W.*, 903 N.E.2d at 968. The evidence is sufficient to support J.P.'s true finding for conspiracy to commit robbery.

[11] Finally, J.P. challenges the sufficiency of the evidence to support his true finding for conduct amounting to battery with bodily injury. For this offense, the State was required to prove that J.P. knowingly or intentionally touched Victim in a rude, insolent, or angry manner, resulting in bodily injury to Victim. Ind. Code § 35-42-2-1(b)(1) (2015).

[12] As discussed, the photographic evidence and Victim's testimony are sufficient to support the element of bodily injury. Notwithstanding, J.P. contends that the evidence failed to establish that he ever struck Victim. In this vein, he points to Victim's testimony that, in the midst of the fray, he did not recall whether it was J.P. or J.D. who had struck him repeatedly with his trumpet case. At the factfinding hearing, B.R.T. summed up the physical altercation as follows:

> Q: Can you tell me exactly what happened that day with regards to Victim?
>
> A: We saw him walking home and we approached him and I asked him for his phone. And he wouldn't give it up, so I started a fight. And when I was thrown on the ground, the other two people that were there with me started into the fight.
>
> Q: Ok. And by other two people, you are referring to J.D. and J.P.?

A: Yes.

Tr. at 38.

[13] The evidence most favorable to the true finding shows that B.R.T. instigated the physical altercation by picking up Victim, and when Victim, a wrestler, outmanned him and took him to the ground, J.P. and J.D. joined the fight. We decline J.P.'s invitation to give credence to Victim's lack of recollection instead of B.R.T.'s direct testimony and remind him that we are prohibited from doing so. *D.W.*, 903 N.E.2d at 968. The evidence is sufficient to support J.P.'s true finding for conduct amounting to battery with bodily injury. Accordingly, we affirm.

[14] Affirmed.

Riley, J., and Altice, J., concur.