## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 11 2017, 10:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.W.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

December 11, 2017

Court of Appeals Case No.
33A04-1708-JV-1934

Appeal from the Henry Circuit Court

The Honorable Bob A. Witham, Judge

Trial Court Cause No.
33C01-1707-JD-38

**Bailey, Judge.**

# Case Summary

[1] The State of Indiana alleged J.W. to be a delinquent child because he had, after a suspected suicide attempt, falsely informed medical personnel that he was his eighteen-year-old brother; the State also alleged that J.W. had left home without permission. At the initial hearing, the trial court discussed with J.W.'s appointed counsel J.W.'s oral agreement with the State and J.W.'s purported desires to waive a formal initial hearing, waive the compilation of a pre-dispositional report, and admit his delinquency.[1] Upon receiving testimony from J.W. to establish a factual basis for the false informing allegation, the trial court adjudicated J.W. delinquent, dismissed the runaway allegation, and summarily ordered that J.W. be committed to the Indiana Department of Correction ("the DOC"). J.W. now brings a direct appeal, attempting to raise multiple issues. Concluding that J.W. has not pursued the appropriate remedy, a motion for relief from judgment pursuant to Indiana Trial Rule 60, we dismiss this purported appeal and remand this cause to the trial court to permit J.W. to file such a motion.

---

[1] The State alleged that J.W. had, by giving false information to emergency room nurses, committed an act that would be False Informing, a Class B misdemeanor, if committed by an adult. Ind. Code § 35-44.1-2-3(d)(1). This statute provides that a person commits false informing when he: "gives a false report of the commission of a crime or gives false information in the official investigation of the commission of a crime, knowing the report or information to be false." J.W. now denies that he engaged in conduct that would be criminal, if he were an adult, because the nurses were not investigating a crime.

# Facts and Procedural History

[2] According to J.W.'s testimony, offered to establish a factual basis for the delinquency allegation against him, the following events occurred. J.W. had, in July of 2017, gone to the Henry County Hospital and identified himself as his brother. When providing his birth date, J.W. had "subtracted a year from [his] date of birth" and he knew that the information he provided was false. (Tr. at 18.)

[3] When J.W. was released from the hospital, he was taken into state custody and alleged to be a delinquent. At a detention hearing conducted on July 24, 2017, New Castle Police Officer Chase Koger testified that he had detained J.W. after receiving a report that J.W. had inflicted injury upon himself and threatened suicide. Officer Koger had also learned that J.W. misidentified himself at the Henry County Hospital. Juvenile probation officer Tiffany Byers ("Byers") testified that J.W. had prior contacts with the juvenile system. She recommended that J.W. be continued in secure detention. The juvenile court adopted the recommendation and continued J.W.'s placement in secure detention at the Delaware County Juvenile Detention Center.

[4] On August 3, 2017, counsel for the State, Byers, J.W., his mother, and his appointed counsel appeared for an initial hearing and the following colloquy ensued:

> Court: [D]id you have a chance to discuss the matter with [J.W.] and his mother?

> Appointed Counsel:  Yes Your Honor.
>
> Court:  After talking to them and explaining to them what their options would be in the case and explaining the potential penalties [that] could be imposed, my understanding is that you will be asking to waive formal Initial hearing and I believe there's a potential agreement with respect to a disposition, is that correct?
>
> Appointed Counsel:  Yes Your Honor.  [J.W.] discussed with me that in order to get things moving along faster he would be willing to admit today to Count 1, False Informing, we would agree to waive the pre-dispositional report and the tentative agreement with the State would be that [J.W.] would be transported to Department of Corrections and that [is] to happen relatively quickly.
>
> Court:  [State Counsel], is that what's been discussed with [Appointed Counsel]?
>
> State Counsel:  It is Judge.

(Tr. at 16.)  Byers acknowledged her assent to the disposition and J.W.'s counsel elicited some brief testimony from J.W. relative to a factual basis. When J.W. concluded his testimony, the trial court stated:

> I will find that the admission that [sic] there is a factual basis for the admission to the False Informing charge.  I will find the admission is freely and voluntarily made, and I based upon that admission find that [J.W.] is a delinquent child as alleged in Count 1 of the complaint that was filed.

(Tr. at 18-19.)  Upon the State's motion, the second allegation was dismissed and the court "proceed[ed] to disposition" and committed J.W. to the DOC "at the earliest possible opportunity."  (Tr. at 19.)  J.W. now appeals.

# Discussion and Decision

[5]   J.W. argues that his adjudication must be set aside because he did not receive requisite statutory advisements,[2] the trial court did not determine that he had knowingly and voluntarily waived his right to trial,[3] his counsel was ineffective, the court did not engage J.W. or his parent in discussion of dispositional

---

[2] Indiana Code Section 31-37-12-5 requires the juvenile court to inform the child, and the child's parent, guardian, or custodian, if present, of the following:

  (1)  The nature of the allegations against the child.
  (2)  The child's right to the following:
      (A)  Be represented by counsel.
      (B)  Have a speedy trial.
      (C)  Confront witnesses against the child.
      (D)  Cross-examine witnesses against the child.
      (E)  Obtain witnesses or tangible evidence by compulsory process.
      (F)  Introduce evidence on the child's own behalf.
      (G)  Refrain from testifying against himself or herself.
      (H)  Have the state prove beyond a reasonable doubt that the child committed the delinquent act charged.
  (3)  The possibility of waiver to a court having criminal jurisdiction.
  (4)  The dispositional alternatives available to the juvenile court if the child is adjudicated a delinquent child.

[3] Indiana Code Section 31-32-5-1 provides in relevant part: "Any rights guaranteed to a child under the Constitution of the United States, the Constitution of the State of Indiana, or any other law may be waived only: (1) by counsel retained or appointed to represent the child if the child knowingly and voluntarily joins in the waiver[.]"

alternatives, and J.W. did not commit an act that would have constituted a crime if committed by an adult.

[6] In *M.Y. v. State*, 681 N.E.2d 1178, 1179 (Ind. Ct. App. 1997), a panel of this Court explained the avenue for relief available to a juvenile who has admitted to the allegations against him:

> As a general rule a criminal defendant is prohibited from challenging the validity of a guilty plea by direct appeal. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). Rather any error premised upon a guilty plea must be brought by a petition for post-conviction relief. *Id.* at 396; *Collins v. State*, 676 N.E.2d 741, 743 (Ind. Ct. App. 1996). However our supreme court has determined that a juvenile may not make use of the post-conviction procedures to redress alleged errors in a delinquency proceeding. *Jordan v. State*, 512 N.E.2d 407, 408 (Ind. 1987), *reh'g denied*, 516 N.E.2d 1054. In *Jordan* the court reasoned that juvenile adjudications do not constitute criminal convictions and therefore post-conviction remedies cannot be interpreted to apply to a juvenile adjudged to be a delinquent. *Id.*; *see* I.C. § 31-6-3-5(b). In an opinion concurring in the denial of rehearing, Chief Justice Shepard suggested that other avenues of relief, including Ind. Trial Rule 60, were available for Jordan to challenge his adjudication of delinquency. *Jordan*, 516 N.E.2d at 1054, 1055. Recently, in *Haluska v. State*, 663 N.E.2d 1193 (Ind. Ct. App. 1996), a juvenile adjudicated a delinquent child filed a petition with this court seeking permission to file a belated appeal pursuant to Ind. Post-Conviction Rule 2(3). Following the supreme court's ruling in *Jordan* and the Chief Justice's opinion on rehearing, we reasoned that because delinquency adjudications are not convictions, the juvenile could not avail himself of the relief contained in P-C.R. 2(3). We further deemed the juvenile's petition to file a belated appeal to be the equivalent of a petition for leave to seek T.R. 60 relief in the trial

court.  Thus, we remanded the case for the purpose of the juvenile filing a T.R. 60 motion for relief from judgment.  *Id.* at 1194.

[7]     M.Y.'s purported appeal was dismissed and the matter was remanded to allow M.Y. to file a Trial Rule 60 motion for relief from judgment.  681 N.E.2d at 1179.

[8]     More recently, in *J.H. v. State*, 809 N.E.2d 456 (Ind. Ct. App. 2004), we addressed a purported appeal in similar circumstances.  J.H. admitted the allegation against him and then appealed, arguing that his delinquency adjudication should be set aside because he did not freely and voluntarily waive his right to counsel at the initial hearing, inasmuch as he was not properly advised of the nature, extent and importance of his right to counsel.  *Id.* at 457.  He further claimed that the juvenile court erred in not warning him of the dangers of self-representation.  *Id.*  Observing that "the appropriate remedy for relief that a juvenile defendant must seek is through the filing of a Trial Rule 60 motion," the Court concluded that J.H. could not on direct appeal attack the validity of his admission to the juvenile offense.  *Id.* at 458.  The purported appeal was dismissed and the matter remanded for filing of a Trial Rule 60 motion.  *Id.*

[9]     Likewise, we are compelled to dismiss the instant purported appeal.  We remand the cause to the trial court to permit J.W. to file a Trial Rule 60 motion to set aside the delinquency adjudication.

Dismissed and remanded.

Kirsch, J., and Pyle, J., concur.