## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2019, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| K.S., <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | February 25, 2019 <br><br> Court of Appeals Case No. <br> 18A-JV-1826 <br><br> Appeal from the <br> Vanderburgh Superior Court <br><br> The Honorable <br> Brett J. Niemeier, Judge <br> The Honorable <br> R.A. Ferguson, Magistrate <br><br> Trial Court Cause No. <br> 82D04-1802-JD-257 |

**Kirsch, Judge**

[1] K.S. appeals his juvenile adjudication for what would be Level 4 felony child molesting[1] if committed by an adult, raising two issues, which we consolidate and restate as follows: whether there was sufficient evidence to support his adjudication.

[2] We affirm.

## Facts and Procedural History

[3] On January 23, 2018, R.S., who was seven years old, told her mother that K.S., her fourteen-year-old step-brother, had been "humping" her. *Tr. Vol. II* at 8; 10-11, 14, 21-22, 27, 30. R.S. said that when K.S. would hump her, both her pants and K.S.'s pants were down. *Id.* at 28. She also said that K.S. put his "ding-a-ling," R.S.'s word for penis, into "in [her] butt." *Id.* at 30; *State's Ex.* 2, 3. This occurred more than two times. *Tr. Vol. II* at 31-32. On one occasion, K.S. put his fingers in R.S.'s "private part," which she indicated on a diagram of a female child as her vaginal area. *Id.* at 29, 32; *State's Ex.* 2. K.S. threatened R.S. that "something would happen to [her]" and that he would punch her in the eye if she told anyone. *Tr. Vol. II* at 24, 32.

[4] The day after R.S. told her mother what K.S. had done, R.S.'s mother took her to the hospital. *Id.* at 7, 13. After R.S. told medical personnel that her "private

---

[1] *See* Ind. Code § 35-42-4-3(b).

part" hurt when she used the bathroom, she was diagnosed with a urinary tract infection. *Id.* at 13, 35.

[5] On February 7, 2018, the State filed a delinquency petition alleging that K.S. had committed child molesting under Indiana Code section 35-42-4-3(a), which would be a Level 3 felony if committed by an adult, and child molesting under Indiana Code section 35-42-4-3(b), which would be a Level 4 felony if committed by an adult. *Appellant's App. Vol. II* at 17-18. The State alleged that K.S. had inappropriately touched R.S., who was less than fourteen years old. *Id.*

[6] At the end of the March 26, 2018 fact-finding hearing, the trial court took the matter under advisement. Later that day, it adjudicated K.S. to be a delinquent child as to Count 2, child molesting as a Level 4 felony, but not on Count 1, child molesting as a Level 3 felony, because the State failed to prove penetration. *Id.* at 11. At the dispositional hearing, the trial court placed K.S. under the supervision of the Vanderburgh County Probation Department at the Sexually Maladaptive Youth Program. *Id.* at 12.

[7] Appellate counsel failed to file a timely Notice of Appeal. New appellate counsel was appointed, and on July 26, 2018, K.S. filed a Petition for Post-Conviction Relief, seeking permission under Post-Conviction Rule 2(3) to file a belated Notice of Appeal. The trial court granted the request, and counsel filed the Notice of Appeal on July 30, 2018. *Id.* at 2. K.S. now appeals.

# Discussion and Decision[2]

[8] K.S. alleges the State failed to present sufficient evidence for his adjudication as a delinquent child for what would be Level 4 felony child molesting if committed by an adult because it failed to prove beyond a reasonable doubt that his act of touching R.S. was accompanied by the specific intent to arouse or satisfy sexual desires. *See Clark v. State,* 695 N.E.2d 999, 1002 (Ind. Ct. App. 1998).

[9] When reviewing a claim of sufficiency of the evidence with respect to juvenile adjudications, we do not reweigh the evidence or judge the credibility of witnesses. *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*. We look only to probative evidence supporting the adjudication and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the juvenile was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the adjudication, we will not set it aside. *Id.* The uncorroborated testimony of one witness may be sufficient by itself to sustain an adjudication of delinquency on appeal. *Id.* Evidence "need not overcome every reasonable hypothesis of innocence; it is sufficient so long as 'an inference may reasonably

---

[2] K.S. asks this court to affirm the trial court's ruling that allowed him to file a belated Notice of Appeal and let this appeal go forward. A juvenile may not bring a belated appeal pursuant to Post-Conviction Rule 2 but must instead file a Trial Rule 60 motion for relief from judgment in the trial court. *See Haluska v. State*, 663 N.E.2d 1193, 1194 (Ind. Ct. App. 1996). However, because the State does not object to K.S.'s request, and reviewing K.S.'s substantive issue on the merits serves judicial economy, we choose to let the appeal proceed.

be drawn from it to support the verdict.'" *Lock v. State,* 971 N.E.2d 71, 74 (Ind. 2012) (quoting *Drane v. State,* 867 N.E.2d 144, 147 (Ind. 2007)).

[10] "A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony." Ind. Code § 35-42-4-3(b). Mere touching alone is not sufficient to constitute child molesting. *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000). The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Id.* Intent may be established by circumstantial evidence and may be inferred from the actor's conduct. *Id.*

[11] Here, it was reasonable for the fact-finder to infer that K.S. intended to satisfy either his or R.S.'s sexual desires. Placing his penis in R.S.'s "butt" and inserting his fingers into her vagina support the inference that he intended to arouse or satisfy sexual desires. Also, R.S.'s statement that K.S. was "humping" her supports the same inference. "Humping" is commonly understood as touching of a sexual nature, including intercourse. Merriam-Webster's dictionary defines the verb "hump" as "usually vulgar: to copulate with." *See hump,* available at https://www.merriam-webster.com/dictionary/hump (last visited Feb. 15, 2019). These facts support the inference that K.S. intended to satisfy his or R.S.'s sexual desires. *See Bowles,* 737 N.E.2d at 1152-53. Therefore, the evidence was sufficient to

support K.S.'s adjudication as a delinquent child for what would be Level 4 felony child molesting if committed by an adult.

[12] Affirmed.

Riley, J., and Robb, J., concur.